**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

ROBERT FRAZER
United States Attorney

*Jewell Christian Stewart*
Assistant United States Attorney

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*Jewell.Stewart @usdoj.gov*

*main: (973) 297-2024*
*direct: (862) 412-7410*
*fax: (973) 645-2702*

September 9, 2026

**BY ECF**
Honorable Brian R. Martinotti, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: *Montoya Ravard v. Soto, et al.*, No. 2:26-cv-11455 (BRM)**
**Petitioner's Final Removal Order**

Dear Judge Martinotti:

This Office represents Respondents in this habeas action. We also respectfully ask the Court to grant a one-day extension, *nunc pro tunc*, for the filing of this reply, which was not filed by yesterday's deadline under Local Civ. R. 78.1(a) due to my miscalendering of the deadline. I apologize for the oversight. In accordance with the Court's order entered August 10, 2026, we respectfully write to inform the Court that Petitioner has a final order of removal.

Petitioner is a native and citizen of Venezuela who entered the United States on August 16, 2013 pursuant an Fl Student Visa at John F. Kennedy International Airport in Queens, New York. *See* Ex. A. Petitioner's Visa expired on August 18, 2014. *Id.* Petitioner was ordered removed on April 10, 2018. Ex. B. Petitioner was detained pursuant to a warrant for arrest issued on August 31, 2026. Ex. C. On September 1, 2026 Petitioner was found to be inadmissible under 8 U.S.C. § 1227(a)(1)(C)(i) and deportable under section 237 of the Immigration and Nationality Act as a non-citizen ordered removed from the United States by an immigration judge. D – E. Petitioner's removal was tolled due to his noncompliance.

Where, as here, an alien is subject to a final order of removal, there is a 90-day "removal period," during which the government "shall" remove the alien. 8 U.S.C. § 1231(a)(1). Detention during this period is mandatory. *See* 8 U.S.C. § 1231(a)(2). Once that 90-day period elapses, the government may further detain certain categories of aliens, including those "inadmissible" under 8 U.S.C. § 1182, for the timeframe reasonably necessary to bring about the alien's removal from the United States. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678 (2001). The

presumptively reasonable timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

Here, Petitioner has been detained for a total of 9 days pursuant to the final removal order. Thus, the detention is "presumptively reasonable," *see id.*, and Petitioner's challenge to his post-removal-order detention "for less than six months must be dismissed as premature." *See, e.g.*, *Kevin A.M. v. Essex Cnty. Corr. Facility*, No. 21-11212 (SDW), 2021 WL 4772130, at *2 (D.N.J. Oct. 12, 2021); *see also, e.g.*, *Cakan v. Soto*, No. 26-8167 (BRM), 2026 WL 2150657, at *2 (D.N.J. July 27, 2026) (holding that Petitioner's detention of less than six months rendered *Zadvydas* claim premature); *Salgado Tarazona v. Becker-Rowley*, No. 26-8152 (BRM), 2026 WL 2150653, at *2 (D.N.J. July 27, 2026) (same); *Garcia Lopez v. Soto*, No. 26-7908 (JXN), 2026 WL 2124073, at *2 (D.N.J. July 23, 2026) (same); *Gong v. Soto*, No. CV 26-4759 (JXN), 2026 WL 1674261, at *2 (D.N.J. June 10, 2026); *Calle Guaman v. Soto*, No. 26-1783 (ZNQ), 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026) (same); *Deshati v. Noem*, No. 25-15940 (ESK), 2025 WL 3204227, at *2-3 (D.N.J. Nov. 17, 2025) (same); *Luma v. Aviles*, No. 13-6292 (ES), 2014 WL 5503260, at *4 (D.N.J. Oct. 29, 2014) (same); *but see, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 400 (D.N.J. 2025) (disagreeing with decisions like *Kevin A.M.* and holding that Petitioner may rebut the six-month presumption of reasonable detention); *Santamaria-Mejia v. ICE*, No. 26-7437 (CPO), 2026 WL 2018107, at *4 (D.N.J. July 13, 2026) (expressing "substantial doubt as to whether *Zadvydas*'s six-month presumption applies in cases . . . . where the ninety-day mandatory detention period has long expired and there has been no prior detention").

For the foregoing reasons, Respondents respectfully submit that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a). Should the Court determine that "an expedited scheduling order or other proceedings are necessary," ECF No. 2, in lieu of immediate release or other relief, we respectfully request leave for Respondents to file a supplemental submission within fourteen days.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By: *s/ Jewell Stewart*
JEWELL CHRISTIAN STEWART
Assistant United States Attorney
*Attorneys for Respondents*

cc: Counsel of Record (by ECF)

SO ORDERED: [signature]
DATED: 10 Sep 2026