**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

ROBERT FRAZER
United States Attorney

Jewell Christian Stewart
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, NJ 07102
Jewell.Stewart @usdoj.gov

main: (973) 297-2024
direct: (862) 412-7410
fax: (973) 645-2702

November 18, 2026

**BY ECF**
Honorable Brian R. Martinotti, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: *Montoya Ravard v. Soto, et al.*, No. 2:26-cv-11455 (BRM)**
**Response to Amended Petition**

Dear Judge Martinotti:

This Office represents Respondents in this habeas action. As an initial matter, we respectfully request a one-day extension *nunc pro tunc* for the filing of this Response due to delays in communications with Respondents to ensure the accuracy of the complex information provided below.

## I. CLARIFICATION REGARDING PETITIONER'S ORDER OF SUPERVISION

As an initial matter and as Ordered, we seek to "address Petitioner's claims regarding the revocation of his Order of Supervision without due process or the following of the applicable regulations." ECF No. 11.

Respondents have provided the attached sworn declaration indicating that there is no record indicating that Petitioner was ever subject to a post-removal Order of Supervision that required revocation for the current detention. Ex. A.

## II. PETITIONER'S NOTICE OF REMOVAL

Petitioner alleges a lack of notice of Petitioner's pending removal. *See generally* ECF No. 10. However, ICE records clearly reveal that on October 6, 2026, Petitioner was issued a Notice of ICE's intention to remove him to Mexico, which he refused to sign. Ex. B.

INA § 241(b)(2)(E) authorizes the DHS to remove aliens subject to final orders of removal to alternative countries, including another country whose government will accept the alien. Therefore, ICE determined that there is a significant likelihood of removal in the reasonably foreseeable future. *See e.g.* ECF No. 9-3.

## III. PETITIONER'S ADDITIONAL CLAIMS OF PROCESS REGARDING HIS REMOVAL TO MEXICO ARE MERITLESS

Petitioner makes various claims regarding "[f]ear of Mexico and the missing individualized protection process." *See* ECF No. 10 at 15. However, the INA authorizes removal of aliens who have received a final order of removal to a third country (*see*, 8 U.S.C. § 1231(b)(1), it does not provide any additional, specific process that aliens must receive after a final order of removal has been issued but prior to removal to a third country. Congress has delegated the decision regarding the appropriate process entirely to the Executive Branch. *See* 8 U.S.C. § 1231 note. On March 30, 2025, the Department of Homeland Security ("DHS") issued guidance detailing its policy in this context. *See Guidance Regarding Third Country Removals*, available at https://immigrationlitigation.org/wp-content/uploads/2025/04/43-1-Exh-A-Guidance.pdf.

The DHS Guidance establishes a two-track system to address aliens who have been ordered removed but for various reasons cannot be sent to a country specifically designated in their removal orders. First, where the United States has received a sufficient assurance from a third country that no aliens will be persecuted or tortured upon removal there, and if the Department of State believes those assurances to be credible, ICE may remove the alien to that country without any further process.

A second section applies for countries where the United States has not received such an assurance. In that case, the DHS policy provides that the alien is entitled to notice of removal to the third county, but that ICE officers are not required to affirmatively ask whether the alien is afraid of being removed to that country. If, however, an alien affirmatively states a fear, ICE will refer such alien to USCIS for screening for eligibility for protection under INA § 241(b)(3) and the Convention Against Torture ("CAT") for the country of removal. Here, Petitioner refused to sign his notice of Removal to Mexico and thus refused to ever make such an affirmative statement of fear to initiate any such screening.

## IV. PETITIONER'S VALID DETENTION AND PENDING FORESEEABLE REMOVAL

It has already been demonstrated that Petitioner was detained pursuant to a Warrant for arrest to effectuate Petitioner's removal. *See* ECF No. 4-3 – 4-4. ICE's

detention authority stems from 8 U.S.C. § 1231, which provides for the detention and removal of aliens with final orders of removal. Section 1231(a)(1)(A) directs immigration authorities to remove an individual with a final order of removal within a period of 90 days; this is known as the "removal period." During the removal period, section 1231(a)(2) commands that ICE "shall detain" the alien.

Here, Petitioner's entire detention has only been 78 days and therefore Petitioner cannot show that his detention under § 1231 is unlawful. Respondents also respectfully submit that Petitioner's refusal to sign his Notice of Removal and refusal or failure to make timely application in good faith for necessary travel documents may implicate 8 U.S.C. § 1231(a)(1)(C). Nonetheless, despite Petitioner's conduct, Respondents have "issued a Form I-269, Certificate of Identity for Departure from the United States, which may be used in lieu of a valid travel document or passport to facilitate Petitioner's departure from the United States to Mexico." *See* Ex. C ; *See also* ECF No. 9-3.

We thank the Court for its attention to this matter.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By: *s/ Jewell Stewart*
JEWELL CHRISTIAN STEWART
Assistant United States Attorney
*Attorneys for Respondents*

cc: Counsel of Record (by ECF)

SO ORDERED.

BRIAN R. MARTINOTTI, USDJ
DATED: NOV. 18, 2026